IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RANDY SAYEN<br>   *Plaintiff,* | § § § | |
| v. | § § | |
| MERIDIAN SECURITY INSURANCE<br>COMPANY, STATE AUTOMOBILE<br>MUTUAL INSURANCE COMPANY<br>D/B/A STATE AUTO INSURANCE<br>COMPANIES AND KEVIN WREN<br>   *Defendants.* | § § § § § § § | CIVIL ACTION NO. 5:20-cv-01062 |

## NOTICE OF REMOVAL

Defendants Meridian Security Insurance Company ("Meridian") and State Auto Mutual Insurance Company ("State Auto MIC," collectively "Defendants"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, file this Notice of Removal of the lawsuit captioned *Randy Sayen v. Meridian Security Insurance Company, State Automobile Mutual Insurance Company d/b/a State Auto Insurance Companies and Kevin Wren*; Cause No. 20-1948-CV-A; In the 25th Judicial District of Guadalupe County, Texas.

## I.
## BACKGROUND

1.  Plaintiff Randy Sayen (hereinafter "Plaintiff") initiated the present action by filing his Original Petition in Cause No. 20-1948-CV-A; In the 15th Judicial District of Guadalupe County, Texas on August 26, 2020 (the "State Court Action").[1]

---

[1] Ex. A, Plaintiff's Original Petition with Citation to Meridian; Ex. B, Plaintiff's Original Petition with Citation to State Auto MIC.

2. Meridian appeared and answered on September 8, 2020, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.[2] State Auto MIC appeared and answered on September 8, 2020, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition and asserting it lacked contractual privity with Plaintiff because it did not issue the insurance policy forming the basis of this lawsuit.[3]

3. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Meridian in the State Court Action are incorporated in **Exhibit A**, and all a copy of all process, pleadings, and orders served upon State Auto MIC in the State Court Action are incorporated in **Exhibit B.**

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 25th Judicial District Court of Guadalupe County, Texas.

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendants of Plaintiff's Original Petition and less than one year after the commencement of this action.

6. Defendant Kevin Wren consents to this removal.

## II.
## JURISDICTION

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

---

[2] Ex. C, Meridian's Original Answer.
[3] Ex. D, State Auto MIC's Original Answer.

A. **Diversity of Parties**

8. Plaintiff is domiciled in Guadalupe County, Texas.[4] Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

9. Defendant Meridian Security Insurance Company is organized under the laws of Indiana and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Meridian is a citizen of Indiana and Ohio.

10. State Automobile Mutual Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, State Auto is a citizen of the State of Ohio.

11. Defendant Kevin Wren is domiciled in the State of Ohio. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Ohio.

12. Accordingly, Plaintiff is completely diverse from all defendants pursuant to 28 U.S.C. § 1332(a).

B. **Amount in Controversy**

13. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[5] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[6] Penalties, exemplary damages, and

---

[4] Ex. A, Plaintiff's Original Petition with Citation, at ¶ 2.

[5] 28 U.S.C. § 1446(c)(2); *see also Wilson v. Hibu, Inc.*, No. 3:13-CV-2012-L, 2013 U.S. Dist. LEXIS 154571, at *4 (N.D. Tex. Oct. 28, 2013).

[6] *John H. Carney & Assocs. v. State Farm Lloyds*, 376 F. Supp. 2d 697, 702 (N.D. Tex. 2005) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

3

attorneys' fees are included as part of the amount in controversy.[7] Rule 47 of the Texas Rules of Civil Procedure requires an initial pleading to elect from among a pre-defined set of ranges of damages; the rule does not permit a plaintiff to plead that the amount in controversy between $25,000 and $75,000 (as Plaintiff as done here).[8] When a plaintiff pleads a specific sum, as is the case here, this amount does not set the amount in controversy, because "'such manipulation is surely characterized as bad faith.'"[9] Here, Plaintiff alleged damages of between $25,000 and $75,000, which does not comply with Rule 47 of the Texas Rules of Civil Procedure.[10] Thus, since Plaintiff failed to comply with Rule 47 and instead demanded a specific sum, which is prohibited by Texas law, this amount does not set the amount in controversy for purposes of determining federal jurisdiction.[11]

---

[7] *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[8] *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1410 (5th Cir. 1995); *Ford v. U. Parcel Serv., Inc (Ohio).,* No. 3:14-CV-1872-D, 2014 U.S. Dist. LEXIS 116214, at *5 (N.D. Tex. Aug. 21, 2014) (There is no provision in Rule 47 permitting a plaintiff to plead for damages "not to exceed $74,000"); *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920 at **5 - *6 (S.D. Tex. Feb. 18, 2016); (Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000).

[9] *Chavez*, 2016 U.S. Dist. LEXIS 19920, at *5 -*6 (quoting *Garcia v. Kellogg USA, Inc.*, No. 7:13-CV-00347, 2013 U.S. Dist. LEXIS 125197, at *4 (S.D. Tex. Sept. 3, 2013)); *Magana v. Allstate Vehicle & Prop Ins. Co.*, No. 7:16-CV-431, 2016 U.S. Dist. LEXIS 199884, at *4 - *5 (S.D. Tex. Nov. 2, 2016) (a petition limiting damages to less than $75,000 is a "tactical manipulation" and does not set the amount in controversy); *Ford v. UPS (Ohio)*, No. 3:14-CV-1872-D, 2014 U.S. Dist. LEXIS 116214, at *5 - *6 (N.D. Tex. Aug. 21, 2014) (the failure to plead a damages range as set forth in Rule 47 "purposefully contravened the Texas rules governing pleading requirements so as to avoid federal jurisdiction [and] is not in good faith"). *See also De Aguilar*, 47 F.3d at 1410-12 (when a state does not permit pleading for a specific amount, a complaint that limits damages to a specific amount will not set the amount in controversy because it is made in "bad faith").

[10] Ex. A, Plaintiff's Original Petition with Citation, at ¶ 7.

[11] *Chavez*, 2016 U.S. Dist. LEXIS, at *6 (citing *Ford*, 2014 U.S. Dist. LEXIS 116214, at *5).

14. When the amount in controversy is not facially apparent from a petition, courts may rely on summary judgment-type evidence to establish the amount in controversy.[12] Here, Plaintiff's pre-suit demand letter when coupled with the types of monetary damages sought in this case make it facially apparent that the amount in controversy exceeds $75,000.[13] Plaintiff's pre-suit demand makes clear Plaintiff seeks $15,954.44 in actual damages.[14] In addition, Plaintiff also seeks damages for statutory penalties, treble damages, exemplary damages, and attorneys' fees.[15] The trebling of Plaintiff's actual damages totals $47,863.32 which, when coupled with the amount of attorney's fees estimates in this case ($45,000),[16] exceeds $75,000 without consideration of penalties and exemplary damages.[17] Accordingly, the amount in controversy exceeds $75,000.[18]

15. The amount in controversy in this case exceeds $75,000 and jurisdiction is proper in this court. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

---

[12] *Greenberg*, 134 F.3d at 1253.

[13] *Espinoza v. Allstate Tex. Lloyd's*, 222 F. Supp. 3d 529, 536-39 (W.D. Tex. 2016) (analyzing a pre-suit demand letter and the types of damages sought in a plaintiff's live pleading to determine the amount in controversy).

[14] Ex. E, Plaintiff's Pre-Suit Demand, at pp. 6-7.

[15] Ex. A, Plaintiff's Original Petition with Citation, at ¶¶ 29, 47, 52

[16] Ex. E, Plaintiff's Pre-Suit Demand Letter, at p. 7.

[17] *Martinez v. Allstate Tex. Lloyd's*, No EP-16-CV-337-DCG, 2016 U.S. Dist. LEXIS 162408, at *16 -*17 (W.D. Tex. Nov, 22, 2016) (denying Plaintiff's motion to remand when the trebling of Plaintiff's actual damages exceeded $75,000); *Chavez*, 2016 U.S. Dist. LEXIS 19920 at *7 -*8 (S.D. Tex. Feb. 18, 2016) (same); *Sam v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1034, 2010 U.S. Dist. LEXIS 59599, at *14-*15 (S.D. Tex. June 16, 2010) (same).

[18] *Armendariz v. Allstate Tex. Lloyd's*, No. EP-16-CV-334-DCG, 2016 U.S. Dist. LEXIS 162407, at *15 - *16 (W.D. Tex. Nov. 23, 2016) (denying motion to remand when considering "the amounts set forth in the pre-suit demand letter" including actual damages, attorney's fees, and trebling of actual damages).

# III.
# CONCLUSION

16. Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

17. WHEREFORE, Defendants Meridian Security Insurance Company and State Automobile Mutual Insurance Company hereby provide notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24-72411
rwall@smsm.com
C Daniel DiLizia
Texas Bar No. 24099800
ddilizia@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 - Facsimile

**ATTORNEYS FOR DEFENDANTS
MERIDIAN SECURITY INSURANCE
COMPANY AND STATE AUTO MUTUAL
INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing instrument has been served electronically via Email and Certified Mail this the 8th day of September, 2020 to:

| | |
|---|---|
| Bryant A. Fitts<br>Rachel Martin-Deckelmann<br>Fitts Law Firm, PLLC<br>4801 Richmond Avenue<br>Houston, Texas 77027<br>bfitts@fittslawfirm.com<br>rdeckelmann@fittslawfirm.com | ***#9414 7266 9904 2061 9583 65*** |

                                              */s/ Patrick M. Kemp*
                                              Patrick M. Kemp